IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Greg Allen Ridgley,<br><br>　　　　　Defendant. | CR 12-02448-001-TUC-JGZ(BGM)<br><br>**MAGISTRATE JUDGE FINDINGS<br>　and RECOMMENDATION**<br><br>**EVIDENTIARY HEARING** |

Upon Defendant's request for an Evidentiary Hearing in response to a Petition filed alleging that he violated the conditions of supervised release, this matter was referred to the Magistrate Judge by the District Court, with the written consent of the Defendant, counsel for the Defendant, and counsel for the United States.

Thereafter, in open court and on the record, the matter was set for hearing on February, 2, 2016, before Magistrate Judge Bruce G. Macdonald.

The Assistant United States Attorney presented one witness, Probation Officer, Tara Barton. The witness was examined by the Government and cross-examined by defense counsel, Ms. Harriette Levitt. The Government asked that the Court take judicial notice of the defendant's Judgment & Commitment, filed in the Court's ECF docket as document #32. After hearing argument from both sides,

**THE COURT finds, as follows:**

Based upon the evidence provided, by a preponderance of the evidence, the Government has established that Mr. Ridgley violated Allegation "A" in the petition which is Standard Condition #3, which states: *"You shall report to the probation office in a manner and frequency directed by the court or the probation officer."* The Government did prove through the testimony of the Probation Officer, Tara Barton, that Mr. Ridgley did fail to report to his probation officer, as directed, in September, October and November, 2015.

**FURTHER:**

That by a preponderance of the evidence, Mr. Ridgley violated Special Condition #7 which states: *"You shall participate in a program or course of study aimed at improving educational level or employment skills, for example, obtain GE, participate in or complete vocational training program, or participate in a literacy program."*

While the Court agrees that this is a technical violation, in that the defendant failed to provide the documentation, it does appear that both sides could have been more diligent in trying to adhere to the intent of that which was trying to be accomplished.

**FURTHER:**

That the Government did not establish by a preponderance of the evidence that the defendant was in violation of Standard Condition #9, as set forth in Allegation B, in the petition. There is nothing in that condition that explicitly required or allowed Probation to "drug test as directed" Mr. Ridgley and perhaps this should have been a separate *special condition* contained in the petition.

The standard condition alleged and the violations or defendant's conduct that allegedly violated those conditions are not the same.

**IN SUMMARY:**

The Court does find that the defendant violated his conditions of supervised release, Allegations "A" and "C", as set forth in the petition.

The Court does NOT find that the defendant violated his condition of supervised release, Allegation "B", as set forth in the petition.

**IT IS RECOMMENDED** that the District Court accept and adopt these findings.

*The defendant is set for Disposition Hearing on March 7, 2016 at 10:20 AM before District Judge Zipps.*

DATED this 2nd day of February, 2016.

_____
Bruce G. Macdonald
United States Magistrate Judge